UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfonso RANGEL VELAZQUEZ,<br><br>  Petitioner,<br><br>v.<br><br>Christopher J. LaROSE, et al.,<br><br>  Respondents. | Case No.: 25-cv-3474-AGS-DEB<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner challenges his immigration detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241.

### HABEAS SCREENING

At the initial screening stage, petitioner Alfonso Rangel Velazquez need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Rangel Velazquez, a "Mexican national," "entered the United States on or about February 1, 1999." (ECF 1, at 2.) He has since "lived continuously in Southern California" and "is employed full-time in construction." (*Id*. at 9.) Late last year, Rangel Velazquez received a "Form I-131" "travel document" and "visit[ed] [] family" in "Mexico City, Mexico," returning on "January 5, 2025." (*Id*. at 10.) Upon returning, "he was provided a Form I-94, Arrival/Departure Record, authorizing his parole in the United States through January 3, 2026." (*Id*.) On "September 8, 2025," Rangel Velazquez "received a 'Call-In' notice instructing him to appear for an interview." (*Id*. at 11.) At the appointment, Rangel

Velazquez was "taken into ICE custody" and "charged" under 8 U.S.C. §§ 1182(a)(6)(A)(i); 1182(a)(7)(A)(i)(I). (*Id*. at 11–12.) "Rangel Velazquez was not provided any notice of his change in custody status or provided an opportunity to provide evidence as to why he should not be detained." (*Id*. at 12.)

This challenge has sufficient potential merit to warrant a response. Similar cases involving revocation of parole have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Salazar v. Casey*, No. 3:25-cv-2784-JLS-VET, 2025 WL 3063629, at *1 (S.D. Cal. Nov. 3, 2025) (granting habeas relief for a "national of Venezuela" who, when "responding to a 'call-in letter' from ICE" "was arrested" and "re-detained"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089, 1091, 1096 (E.D. Cal. 2025) (granting habeas petition and preliminary injunction for "noncitizen" who had been paroled and was then "taken into custody during a standard check-in at [an] ICE office"); *Federico Navarro Perez v. Christopher LaRose, et al.*, No. 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *1 (S.D. Cal. Nov. 13, 2025) (granting habeas relief for "Guatemalan national" who received "a mass email . . . stating that his parole would be terminated," attended a "required immigration court hearing," and was "detained by … ICE").

## CONCLUSION

By **December 17, 2025**, respondents must answer the petition. Any reply by petitioner must be filed by **December 24, 2025**. The Court will hold oral arguments on the petition on **January 8, 2026**, at **3:00 p.m.**

Dated:  December 10, 2025

_____
Hon. Andrew G. Schopler
United States District Judge